LEIGH M. CLARK, Retired Circuit Judge.
On July 26, 1982, this appellant, while confined in the Dekalb County Jail, filed a pro se petition for writ of error coram no-bis, which in some respects is unintelligible but from which we understand he challenges the validity of judgments of conviction and sentence for eight separate and several felonies on grounds including a ground that he had not received effective assistance of counsel. On August 6, 1982, the trial court appointed an attorney to represent petitioner, set October 19, 1982, for the hearing of it, at which time a *1008 lengthy hearing was conducted, with petitioner and his appointed attorney present, and the testimony of petitioner and his two attorneys who represented him on the trial was taken. The trial court took the proceeding under advisement and on October 22, 1982, rendered a judgment denying the petition. A timely appeal was taken by counsel who represented him by appointment on the hearing of the petition, and the case was submitted on appeal on briefs of counsel for the parties on April 1, 1983.
Appellant’s brief presents two issues. In the first issue, he contends that defendant’s guilty pleas were not voluntarily, intelligently and understandingly entered. By the second issue, he contends that he did not receive effective assistance of counsel.
In the only appeal in any of the Circuit Court cases involved, the appeal was “from the court’s order denying his Writ of Error Coram Nobis Petition.” There is no appeal from the judgments of conviction and sentence, and the time is long past for such appeal. This precludes us from-passing on the merits of the judgments of conviction and sentence, other than as they may be affected by a resolution of the issue raised in the coram nobis petition as to effective representation of counsel vel non, the pivotal issue for us to decide, and we limit our determination herein to such issue. In doing so, however, we utilize the information contained in the court reporter’s transcript now before us by which the court reporter reports the hearing on the pleas of guilty and recites in full what was said and done by the trial judge, the defendant, and the attorneys on said hearing, which would be controlling as to whether the acceptance by the court of the defendant’s pleas of guilty in the several cases met the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and related authorities.
Between the time of the judgments of conviction and sentence and the time of the hearing of the coram nobis petition, there was another hearing conducted. That hearing was on January 15, 1982, and is captioned in the transcript as “Probation Hearing of Shane Blevins” and was commenced by a statement of the court as follows:
“Let the record reflect that before the Court is Mr. Shane Blevins with his attorneys, [the names of the attorneys who represented appellant on the trial]. Mr. Blevins was previously sentenced in cases [the numbers of the circuit court cases]. Sentences in those cases were all to run concurrently. The longest sentence being that imposed in CC-81-174. It was a sentence of confinement for a period of fifteen years. Sentences in those cases were imposed on September 11,1981. On October the 16th of 1981 Judge Cole’s office received a written communication from the defendant requesting that he be allowed to apply for probation. That correspondence was forwarded to me and on October 20th I replied to Mr. Blevins’ letter and asked [the attorneys by name who represented defendant in the trial court] to confer with the defendant about this matter. As a result of that, I have a petition filed on November the 25th of 1981 requesting the court to entertain a petition for probation on behalf of the defendant in these cases. Now, does that correctly make the history of this matter?”
To the above question, one of the attorneys for the defendant made this response:
“It correctly states the history. Our motion, actually, is sort of a two-prong thing. First is for the Court to change the sentencing in this case to reduce the sentence in the longest case to ten years so he could be considered for probation. It’s come to our attention since, we applied for probation that we could not be eligible to be considered according to the probation officer if he has a sentence longer than ten years. So, I think that’s the first hurdle we’d have to overcome.”
Thereupon, one of defendant’s trial attorneys, the defendant himself, and an uncle of defendant testified on behalf of the defendant. At the conclusion of the hearing, the court said:
“Okay. I’ll let you know something about this. I need to talk to the two *1009 lawyers about it and I need to do some research on the actual authority that I have gotten after having sentenced him. I really don’t know. But, we’ll try to make a decision about it in the next few days. And I’d like to talk to y’all maybe at pretrial sometimes when we have time, maybe talk to y’all about it. Thank you.”
From the transcript as a whole, we are convinced that at the time of the entry and acceptance of defendant’s guilty pleas in these cases the defendant was unaware of, and his attorneys were either unaware of or overlooked, the second sentence of Section 15-22-50 of Code of Alabama 1975 as follows: “The court shall have no power to suspend the execution of sentence imposed upon any person who has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for more than 10 years.” We are reasonably satisfied, even though we are not absolutely convinced, that if defendant’s attention had been brought to the fact that the trial court would have been without power to grant him probation, he would not have pleaded guilty in the cases with the understanding that did exist between the parties that in one of such cases he would receive a sentence of fifteen years’ imprisonment, even though it should be noted in this connection that apparently there was some advantage to him in his receiving a fifteen-year sentence in one of the eight cases, specifically that he probably would “be eligible for parole sooner” than if he did not. It was understood between the parties by the plea bargaining arrangement between them, that, if the court approved, “Mr. Blevins would be sentenced to fifteen years ... and that he could divide that fifteen years as we [defendant and his attorneys] saw fit.”
We are reasonably convinced from what the trial court said at the hearing of the motion as to whether it could or should grant probation that it possibly would have done so, but we cannot say with reasonable certainty that it would have done so. If it would have done so, we are convinced that appellant has been prejudiced and that he has been done an injustice as a result of his attorneys’ not bringing to his attention the fact that a fifteen-year sentence would disqualify him for probation. Ordinarily, we think that such a mistake would entitle him to favorable action on his coram nobis petition and that a reversal of the judgment of the trial court would be in order; which reversal would require the setting aside of the judgments of conviction and sentence. We think, however, that instead of reversing the judgment at this time, we should remand the case to the trial court with instructions that it clarify, if it can, the question as to whether consideration by it of appellant’s request for probation would be a futile gesture and set forth its conclusion in a return to the order of remandment. We leave it to the trial court to determine whether there should be a hearing. If so, unless the parties agree otherwise, a court reporter’s transcript of the hearing shall be included in the return to the order of remandment. The trial court shall make return to the order of remand in due course with copies thereof to the attorneys for the respective parties. Either party aggrieved by the return will have fifteen days within which to file a brief in this court, and the opposing party will thereafter have fifteen days within which to file a reply brief.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur, except BOWEN, P.J., who dissents.